**M. T. HARRINGTON, Chancellor Texas A. & M. College, et al., Appellants,**

v.

**Laura B. BAILEY et al., Appellees.**

**No. 3954.**

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1961.

Rehearing Denied Dec. 14, 1961.

évidence to support the Trial Court's findings that the deceased did not make a gift of the manuscript to A. & M. College.

Trial was before the Court without a jury; which after hearing entered judgment, finding title to the manuscript to be in the plaintiffs and other heirs of S. T. Brogden. The Trial Court found that the deceased "at no time during his life did he make a gift of the manuscript to anyone."

Defendants, officials of A. & M. College, appeal on 17 points, contending that there is no evidence or insufficient evidence to support the Trial Court's findings relating to whether or not a gift of the manuscript occurred.

S. T. Brogden, deceased, was an 1898 graduate of A. & M. College; unmarried; some 80 years of age; nearly blind; and a person deeply interested in religious matters. About 1945 he made a trip to the Holy Land where he obtained a Biblical Manuscript written in Hebrew on goat skins. He cherished this Manuscript very much. In 1952 he told his sister, Miss Lucy Brogden, that he wanted A. & M. College to have this Manuscript. He dictated a note to this effect to his sister. The note was placed with the Manuscript, and both the Manuscript and the note remained in deceased's possession. Deceased made some effort to get an official of A. & M. College to come to his home and receive the Manuscript, but was unsuccessful, and the Manuscript remained with Mr. Brogden.

Four years later, in 1956, Mr. Brogden delivered the Manuscript to his sister, Miss Lucy Brogden. She remained in possession of the Manuscript. In 1957 the deceased was legally declared to be a person of unsound mind and placed in the State Hospital for the Insane, and Miss Lucy Brogden was appointed as his guardian. In 1959 Miss Lucy Brogden delivered the Manuscript to A. & M. College. Mr. Brogden died in April 1960, and the instant suit was instituted in August 1960 by plaintiffs (heirs of S. T. Brogden) seeking to have title and

J. A. Amis, Jr., College Station, Lawrence Hargrove, Asst. Atty. Gen., Austin, for appellants.

Bill Palmos, Hearne, Richey, Sheehy, Teeling & Cureton, Sam Lanham, Waco, for appellees.

McDONALD, Chief Justice.

This is a suit by the heirs of S. T. Brogden, deceased, against the officials of Texas A. & M. College, to determine the ownership of a Biblical manuscript which formerly belonged to S. T. Brogden. The ultimate question for determination here is whether or not there is evidence and/or sufficient

possession of the Manuscript vested in the Estate of S. T. Brogden, deceased.

To constitute a valid gift of a chattel, inter vivos 2 elements are necessary: 1) The intention on the part of the donor to make a gift; 2) Delivery of possession of the subject matter of the gift by the donor to the donee or someone claiming under the donee, with a purpose on the part of the donor to vest in the donee, unconditionally and immediately, the ownership of the property delivered. Wells v. Sansing, 151 Tex. 36, 245 S.W.2d 964, 965. The burden of proving a gift inter vivos is upon the party claiming under the gift. Hunt v. Garrett, Tex.Civ.App., 275 S.W. 96, Garrett v. Hunt, Tex.Com.App., 283 S.W. 489.

The Trial Court, as noted, here found there was no gift from S. T. Brogden to A. & M. College. The record reflects that deceased had expressed an intention to give the Manuscript to A. & M. College in *1952* and perhaps on other occasions; *but* no delivery of the Manuscript was made to anyone until *1956,* when deceased delivered the Manuscript to his sister, Miss Lucy Brogden. In *1957,* deceased was adjudicated to be of unsound mind; and in *1959* Miss Lucy Brogden delivered the Manuscript to A. & M. College. The record reflects that Miss Brogden herself, testified that her brother, the deceased, delivered the Manuscript to her in 1956, because he was afraid someone might steal it from him. Moreover, the deceased had a conversation with the witness Huddleston, subsequent to turning the Manuscript over to his sister, in which he stated that *he was going to give the Manuscript to A. & M.*

Under the record, the Trial Court was perfectly warranted in finding that deceased delivered the Manuscript to his sister for safekeeping and not as a delivery to A. &' M. College.

Miss Brogden's agency as an individual, for safekeeping of the Manuscript terminated in 1957 when deceased was legally declared to be of unsound mind. Renfro v. City of Waco, Tex.Civ.App., 33 S.W. 766. Her subsequent delivery in 1959 of the Manuscript to A. & M. College was without any authority whatever, either from the deceased or from the Probate Court, and consequently could vest no title to the Manuscript in A. & M. College or its officials.

We think there is evidence to support the Trial Court findings that no gift of the Manuscript was made by the deceased, during his lifetime, to A. & M. College, and such findings are not against the great weight and preponderance of the evidence, under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

All of defendants' points and the contentions thereunder made are overruled, and the judgment of the Trial Court is affirmed.