William H. ADAMS d/b/a Adams
Chiropractic Center, Appellant,

v.

TRI–CONTINENTAL LEASING
CORP., Appellee.

No. 05–85–01141–CV.

Court of Appeals of Texas,
Dallas.

June 3, 1986.

Thomas J. Beswick, Irving, for appellant.

Allan B. Diamond, Emily McKillip, Hughes & Luce, Dallas, for appellee.

Before GUITTARD, C.J., and DEVANY and SCALES, JJ.

DEVANY, Justice.

William H. Adams appeals a summary judgment in favor of Tri-Continental Leasing Corp. in which the trial court awarded Tri-Continental (Tri-Con) $24,062.56 in damages, interest, and attorney's fees for breach of a lease agreement. Because we agree that Tri-Con has not established a right to summary judgment on Adams's counterclaim of fraud, we reverse the judgment of the trial court and remand for trial on the merits.

The parties agree that Adams entered into a written lease agreement with Tri-Con. Under the terms of this agreement, Tri-Con was to lease to Adams a computer system to be acquired from Motive Computer Systems. Adams made several monthly payments on the lease, but then refused to make further payments, claiming that Tri-Con misrepresented to him that the system would be "user-ready."

■ We note that Adams makes his allegation of fraud against Tri-Con in what he terms a "cross-action," which we construe as a counterclaim. *See* TEX.R. CIV.P. 1, 71, 97. Tri-Con urges that this counterclaim must meet the summary judgment proof requirements of an affirmative defense, i.e., that Adams had the burden of bringing forward summary judgment evidence on each element of fraud. *See Albritton v. Henry S. Miller Co.*, 608 S.W.2d 693, 695 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); TEX.R.CIV.P. 94. We disagree. The party moving for summary judgment in opposition to a counterclaim is in the position of a defendant opposing a plaintiff's motion for summary judgment. In order to defeat such a counterclaim by a summary judgment, the counter-defendant must show that no issue of material fact exists as to at least one element of the counter-plaintiff's cause of action and that the counter-defendant is entitled to judgment as a matter of law. *Williamson v. Tucker*, 615 S.W.2d 881, 890 (Tex.Civ.App. —Dallas 1981, writ ref'd n.r.e.).

■ While rule 94 of the Texas Rules of Civil Procedure classifies fraud as an affirmative *defense*, fraud may also be an affirmative *cause of action*. In the instant case, Adams made a counterclaim in which he alleged a cause of action for fraud, requested recovery of over $6,000 that he had already paid under the contract, exemplary damages of $25,000, and attorney's fees. With these requests for affirmative relief, we cannot treat Adams's counterclaim as an affirmative defense. Had Tri-Con wished a nonsuit in this cause, for instance, it would not have been entitled to one with respect to Adams's counterclaim. *See Corpus Christi Bank & Trust v. Cross*, 586 S.W.2d 664, 666 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.); TEX.R.CIV.P. 164. Consequently, we review the propriety of the summary judgment against Adams on his claim of fraud using the normal standard applied to claims for affirmative relief.

Tri-Con urges that summary judgment was appropriate because there is no fact issue as to misrepresentation. We disagree. In his affidavit in support of his summary judgment response, Adams makes the following statements:

Fred Brants, a representative of Tri-Continental, represented that through his leasing services I would be provided with a user-ready computer from Motive Computer Systems which would be capable of performing numerous functions for the office which include, but are not limited to, the following:

(1) processing insurance claims; (2) processing statement and accounts receiva-

ble; (3) maintaining a patient register; and (4) word processing.

It was represented by Tri-Continental and Motive Computer Systems that the computer was to be ready to perform these functions upon delivery of the equipment and necessary software. It was based on the representations by Tri-Continental's employee, that I agreed to enter into a leasing agreement with them.

The computer system was delivered to my office but was not user ready. I made multiple requests to Motive Computer Systems to remedy the situation and also contacted Tri-Continental. However, 12 months after the original delivery, the system was still inoperable and not as Tri-Continental and Motive Computer Systems had represented to me before I entered [sic] to any agreement with either of them.

Tri-Con argues that Adams "clarified" his affidavit statements in a deposition which he took two weeks later, when he supplied the answers in the following exchange:

Q. Nobody from Tri-Con ever talked to you about the computer system, about its uses or about its quality or performance?

A. No.

Q. So any representations that were made to you about what this computer system would or wouldn't do were made by somebody from Motive; is that correct?

A. Yes.

Rather than clarifying his affidavit statements, Adams's deposition testimony directly contradicted them.

 Adams's deposition testimony does not rise to the level of a judicial admission. *See Kulms v. Jenkins,* 557 S.W.2d 149, 153 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.) (deposition testimony by employer in respondeat superior situation that employee was acting in course and scope of employment not a judicial admission). Consequently, the usual rule applies that, in determining whether summary judgment is proper, all conflicts in the evidence are disregarded and all evidence in support of the non-movant's position is accepted as true. *Smith v. Bolin,* 153 Tex. 486, 488, 271 S.W.2d 93, 94 (1954); *Gonzalez v. Global Truck & Equipment, Inc.,* 625 S.W.2d 348, 350 (Tex.App.—Houston [1st Dist.] 1981, no writ). This includes conflicts in the non-movant's own testimony because it is for the trier of fact to resolve conflicts in the testimony of any one witness, as well as in the testimony of different witnesses. *Webb v. Jorns,* 488 S.W.2d 407, 411 (Tex.1972).

Disregarding Adams's deposition testimony and accepting his affidavit as true, we conclude for summary judgment purposes that there is a fact issue regarding misrepresentation. We reverse the judgment of the trial court and remand for trial.