Ralf **KUEHNHOEFER**, Appellant

v.

Russell **WELCH** and Janis
Welch, Appellees.

No. 06–94–00014–CV.

Court of Appeals of Texas,
Texarkana.

Jan. 19, 1995.

Rehearing Overruled Feb. 14, 1995.

690

Gregory P. Grajczyk, Harbour, Kenley, Boyland, Smith & Harris, Longview, for appellant.

Kenneth L. Ross, Ross, Hudgens & Associates, Longview, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Ralf Kuehnhoefer appeals from an adverse judgment in favor of Russell and Janet Welch based on a DTPA cause of action. Kuehnhoefer contends: (1) that the trial court erred in rendering judgment notwithstanding the verdict; (2) that the trial court erred in disregarding the jury's answers to Questions 9 and 10 as immaterial; (3) that the trial court erred in finding that fraud and estoppel do not provide a defense to recovery under the Deceptive Trade Practices Act; (4) that the trial court erred in overruling the defendant's motion for judgment on the verdict that plaintiff take nothing due to plaintiff's intentional fraud perpetrated against defendant; and (5) that the trial court erred in awarding prejudgment interest compounded daily.

Ralf Kuehnhoefer was the owner of agricultural real estate known as the Double K Ranch. Kuehnhoefer leased the ranch to Russell and Janet Welch. A dispute arose as to the renewal of this lease. The Welches filed a Deceptive Trade Practices Act (DTPA) cause of action. Tex.Bus. & Com. Code Ann. § 17.01, et seq. (Vernon 1987).

The jury found for the Welches on the DTPA cause of action issues and found damages for lost profits, cost of improvements, and attorney's fees. The jury also answered "yes" to Kuehnhoefer's promissory estoppel and fraud claims, Questions 9 and 10. The jury answered "0" under the damages issue. The trial court rendered judgment for the Welches. Kuehnhoefer appeals.

Kuehnhoefer contends that the trial court erred in rendering judgment notwithstanding the verdict, in disregarding the jury's answers to Questions 9 and 10 as immaterial, finding fraud and estoppel do not provide defenses to the DTPA, and in overruling a motion for judgment on the verdict.

All of these points of error center around the fact that the jury found for Kuehnhoefer on Questions 9 and 10 (fraud and estoppel); however, the jury found no damages on these issues. In the final judgment, the trial court disregarded these answers as immaterial because they alone were inconsequential.

■■ The trial court may disregard a jury's finding on an immaterial issue and render judgment based upon the remaining findings; such a judgment is not considered as one rendered non obstante verdicto. *Dewberry v. McBride*, 634 S.W.2d 53 (Tex. App.—Beaumont 1982, no writ); *J.R. Neatherlin Corp. v. Baughman*, 580 S.W.2d 129, 130 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). If Questions 9 and 10 were immaterial, then they were properly disregarded; otherwise, the trial court had no authority to disregard them and committed reversible error. *Waters v. Bruner*, 355 S.W.2d 230, 232 (Tex.Civ.App.—San Antonio 1962, writ ref'd n.r.e.). A "none" answer on the damages issue renders the liability issue immaterial. *See Garza v. San Antonio Light*, 531 S.W.2d 926 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■■ The Welches contend the issues submitted to the jury in Questions 9 and 10 were counterclaims rather than affirmative defenses. Fraud can be an affirmative defense; fraud may also be an affirmative cause of action. *Adams v. Tri–Continental Leasing Corp.*, 713 S.W.2d 152, 153 (Tex. App.—Dallas 1986, no writ). When a party requests affirmative relief with the issue, the court cannot treat the counterclaim as an affirmative defense. *Id.* at 153.

■■ In the case at bar, the fact that the jury found liability on the fraud issue is inconsequential due to the fact that the fraud action was filed as a counterclaim seeking affirmative relief. When a party requests affirmative relief with the issue, the court cannot treat the counterclaim as an affirmative defense. *Adams*, 713 S.W.2d at 153. The Welches, however, pled promissory estoppel, both as a counterclaim and as an affirmative defense. Alternative pleadings may entitle the party to a jury question on both the affirmative defense and the counterclaim. This does not mean that the court has to ask the same question to the jury twice. Even though no damages were found on the counterclaim, the jury found all of the essential elements of promissory estoppel in Question 9: (1) a misrepresentation (2) upon which there was reliance (3) to the party's detriment.

■■ The question then becomes whether the jury's finding on Question 9 is consequential in a deceptive trade practice case. In *Smith v. Baldwin*, 611 S.W.2d 611 (Tex. 1981), the Texas Supreme Court ruled that because a DTPA cause of action is specifically created by statute, only the defenses set forth in the statute apply. The Court reasoned that common-law defenses to the traditional tort and contract causes of action are not material in DTPA cases because the DTPA is not a codification of common law, but rather a statutory creation. *See* Andy A. Tschoepe II et al, *"Aspects of Defending A Texas Deceptive Trade Practices–Consumer Protection Act Claim*, 20 St. Mary's L.J. 528, 529 (1989)." In *Home Savings Association v. Guerra*, 720 S.W.2d 636 (Tex.App.—San Antonio 1986), aff'd in part, rev'd in part, 733 S.W.2d 134 (Tex.1987), the San Antonio court held that estoppel was not available as a DTPA defense. Until such time as the Texas Legislature or the Texas Supreme Court makes the defense of estoppel applicable to DTPA cases, we are compelled to hold that it is not a proper defense. Kuehnhoefer's alleged payment to Welch in satisfaction of this dispute seems more a defense of accord and satisfaction. The affirmative defense of accord and satisfaction is available to a defendant in a cause of action brought under the DTPA. *Jenkins v. Steakley Bros. Cheverolet Co.*, 712 S.W.2d 587 (Tex.App.—Waco 1986, no writ); *Miranda v. Joe Myers Ford, Inc.*, 638 S.W.2d 36 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd). This defense, however, was not raised below or on appeal.

Under this point, Kuehnhoefer also argues that the DTPA is not appropriate to this cause of action, contending that the breach of contract does not rise to the level of a DTPA violation and that the Welches are not consumers.

■ The Welches contend that Kuehnhoefer is precluded from raising new theories on appeal. Kuehnhoefer is limited to those theories upon which he tried the case and may not appeal the case on a new or different theory. *Davis v. Campbell,* 572 S.W.2d 660 (Tex.1978); *Poe v. Hutchins,* 737 S.W.2d 574, 578 (Tex.App.—Dallas–1987, writ ref'd n.r.e.); *Hilsher v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 717 S.W.2d 435, 441 (Tex.App.—Houston [14th Dist.] 1986, no writ). The issue of the applicability of the DTPA was raised in the Welches' original answer, as well as in a partial motion for summary judgment filed June 14, 1993. Thus, Kuehnhoefer is not precluded from raising this point on appeal. TEX.R.APP.P. 52.

■ Kuehnhoefer's first contention under this argument is that a mere breach of contract is not actionable under the DTPA and that this breach does not reach the level contemplated by the DTPA. A mere breach of contract is not actionable under the DTPA. *La Sara Grain v. First National Bank of Mercedes,* 673 S.W.2d 558 (Tex.1984). This case, however, was filed under a theory of false, misleading or deceptive conduct which violated the DTPA, not breach of contract. The Welches alleged that Kuehnhoefer's misrepresentations to them that he would renew their existing lease for five years was the DTPA violation rather than any breach of contract. In *Quitta v. Fossati* the court held that cases involving false statements of fact regarding a party's rights under an agreement were actionable under the DTPA. 808 S.W.2d 636 (Tex.App.—Corpus Christi 1991, no writ). As the court observed in *Holloway v. Dannenmaier,* 581 S.W.2d 765, 767 (Tex. Civ.App.—Fort Worth 1979, writ ref'd), "Usually mere failure to later perform a promise does not constitute misrepresentation." As this Court said in *Coleman v. Hughes Blanton, Inc.,* 599 S.W.2d 643 (Tex. Civ.App.—Texarkana 1980, no writ), even though the plaintiff brings a suit purporting to be a DTPA case, the allegation of breach of contract without more does not constitute a "false, misleading or deceptive" act. There have been numerous Texas cases discussing the "more" that is required to change a breach of contract action into a DTPA claim, but suffice it to conclude that failing to perform a future promise does not constitute a misrepresentation that violates the DTPA, unless it can be shown at the time the promise was made the promissor had no intentions of fulfilling the promise. The determination of whether the promissor intended at the time to fulfill the promise can be inferred from the nature of the promise and the surrounding circumstances. The jury was not specifically confined to this time limitation in the instructions, and no objection was made on that basis to the instruction given. The jury in the present case found that there was a false, misleading or deceptive act or practice. This implies something more than a representation to do an act in the future. The essence of false, misleading or deceptive conduct is that such conduct is false, misleading or deceptive at the time the conduct occurs. In this manner it differs from an ordinary breach of contract. This was a sufficient finding upon which to base a DTPA action.

■ Kuehnhoefer also contends that the Welches are not consumers under the DTPA. To be a consumer under the DTPA requires the purchase of goods or services that form the basis of the complaint. *Sherman Simon Enterprises, Inc. v. Lorac Service Corp.,* 724 S.W.2d 13 (Tex.1987). The statute itself defines goods as real property purchased or leased for use. TEX.BUS. & COM.CODE ANN. § 17.45(1) (Vernon 1987). In *Knight v. International Harvester Credit Corp.,* the Supreme Court found that a representation that an agreement for the purchase or lease of goods or services confers or involves rights, remedies, or obligations, which it does not have or involve or which are prohibited by law, implicates the DTPA. 627 S.W.2d 382, 388–89 (Tex.1982). Thus, as the Welches' attempt to acquire goods (land) formed the underlying transaction of the breach of the promise to lease, this was

actionable under the DTPA. This point of error is overruled.

 Kuehnhoefer's fifth point of error is that the trial court erred in awarding prejudgment interest compounded daily. The trial court rendered judgment that damages accrue 10% interest compounded daily. This lawsuit was filed January 20, 1993. This was after the effective date of the 1987 amendments to TEX.REV.CIV.STAT.ANN. art. 5069–1.05 (Vernon Supp.1994), which specifically provides: "The rate of prejudgment interest shall be the same as the rate of postjudgment interest at the time of judgment and shall be computed as simple interest." Thus, daily compounding of interest was eliminated in 1987 for actions brought under the DTPA. *See Ciba–Geigy Corp. v. Stephens*, 871 S.W.2d 317 (Tex.App.—Eastland 1994, no writ).

 The Welches respond by contending that this point of error was not properly preserved. In order to preserve an issue for complaint on appeal, a party must have presented to the trial court a timely request, objection, or motion. TEX.R.APP.P. 52(a). If an appellant raises an issue for the first time on appeal, it presents no error to the appellate court. *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

 In the case at bar, Kuehnhoefer did not file a motion to modify the judgment, neither is there any other objection to the trial court's award of prejudgment interest preserved in the record. Consequently, though the trial court erred by compounding the prejudgment interest on a daily basis, the error was unpreserved at trial. Therefore, this point of error is overruled.

The judgment of the trial court is affirmed.