TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00561-CV







Pacesetter Pools, Inc./Pierce Homes, Inc., Appellants


v.


Pierce Homes, Inc./Pacesetter Pools, Inc., Appellees







FROM THE DISTRICT COURT OF DENTON COUNTY, 393RD JUDICIAL DISTRICT

NO. 98-30481-393, HONORABLE SAM HOUSTON, JUDGE PRESIDING






 Pacesetter Pools, Inc. ("Pacesetter") and Pierce Homes, Inc. ("Pierce Homes") were
joint tortfeasors in an underlying cause of action for damage to the foundation of a home. The
plaintiff prevailed in arbitration against Pierce Homes. Pierce Homes paid the arbitrator's (1) award
and sought contribution from Pacesetter. A jury found that the plaintiff's damages were caused by
the negligence of Pacesetter and Pierce Homes and attributed the negligence ninety percent to
Pacesetter and ten percent to Pierce Homes. The district court rendered judgment for Pierce Homes
and against Pacesetter for $193,986.80--ninety percent of the arbitrator's award--plus interest and
court costs. The court did not award attorney's fees. Pacesetter appeals the award of damages, and
Pierce Homes appeals the court's denial of attorney's fees. We will affirm the district-court
judgment. 


FACTUAL AND PROCEDURAL BACKGROUND


 Julie Allcox (2) sued Pacesetter and Pierce Homes for damages to a home she purchased
from Pierce Homes in Flower Mound. Allcox alleged that Pacesetter and Pierce Homes had
negligently designed and built the home's foundation and swimming pool and, as a result of such
negligence, she sustained damages. (3) Pierce Homes cross-claimed against Pacesetter, asserting that
any construction defects were the fault of Pacesetter and that "Pacesetter is liable to Pierce Homes
for indemnity, contribution, and for any amounts Pierce Homes may be compelled to pay to [Allcox]
as a result of the occurrences made the basis of [Allcox's] Lawsuit."

 Allcox filed a motion to compel arbitration and plea in abatement, asserting that she
was entitled to have her claims against Pierce Homes arbitrated pursuant to an arbitration clause
contained in a homeowner's warranty that Pierce Homes had provided Allcox. Over Pacesetter's
objection, the district court granted the motion and abated the action pending arbitration. Pacesetter
was not a party to the warranty and refused to participate in the arbitration. The arbitrator awarded
Allcox $215,541, including attorney's and expert's fees. (4)

 Pierce Homes moved to confirm the arbitrator's award. The district court rendered
an interlocutory judgment granting Pierce Homes' motion, converting the arbitrator's award "into
a partial judgment that is final as to [Allcox's] claims against Pierce Homes," and granting Allcox
judgment against Pierce Homes for the damages, fees, and expenses awarded by the arbitrator. The
interlocutory judgment recited that Pierce Homes had made payments to Allcox satisfying its liability
under the arbitrator's award before the judgment's rendition. (5)

 Asserting that the arbitration award had resolved any liability they may have had to
Allcox, both Pacesetter and Pierce Homes filed motions for summary judgment, asking the district
court to dismiss Allcox's action against them. The court granted the motions and realigned the
parties, leaving only Pierce Homes' claims against Pacesetter to be adjudicated. 

 Pierce Homes and Pacesetter stipulated that the arbitrator's award of $215,541
constituted the total amount of Allcox's damages. 

 At trial, Pierce Homes presented three expert witnesses who testified that improper
construction by Pacesetter of the swimming pool and related decking had caused water to saturate
the soils under the Allcox home. Pacesetter offered no expert testimony in opposition. The jury
returned a verdict that both Pacesetter and Pierce Homes were negligent and caused the damage to
the home. The jury apportioned the negligence ninety percent to Pacesetter and ten percent to Pierce
Homes and found $81,000 to be a reasonable attorney's fee "for the necessary services of Pierce
Homes' attorneys in representing Pierce Homes in the arbitration action brought by [Allcox]." 

 Pacesetter filed a motion for judgment non obstante veredicto, asserting that there was
no legal theory under which it could be held liable to Pierce Homes and, in any event, Pierce Homes
was not entitled to recover attorney's fees. See Tex. R. Civ. P. 301. The district court rendered final
judgment in favor of Pierce Homes in the amount of $193,986.90--ninety percent of the stipulated
damages--but did not award attorney's fees. (6) 

 In three issues on appeal, Pacesetter contends that: (1) Pierce Homes was not entitled
to contribution after paying the arbitration award in full satisfaction of Allcox's damages; (2) Pierce
Homes did not have a right of subrogation under the warranty and, if it did, such right was barred
by Pierce Homes' voluntarily paying the arbitration award; and (3) Pierce Homes did not have
standing to assert a cause of action for negligence and, if it did, Pierce Homes waived its cause of
action by not requesting that it be submitted to the jury. Pierce Homes also appeals, contending that
the district court erred in refusing to award it the attorney's fees it incurred in defending Allcox's
claims.


DISCUSSION


Standard of Review

 Whether Pierce Homes was entitled to either contribution or subrogation and whether
it had standing to assert a cause of action for negligence are questions of law. "When an issue turns
on a pure question of law, we do not give any particular deference to legal conclusions of the trial
court and apply a de novo standard of review." Trinity Indus., Inc. v. Ashland, Inc., 53 S.W.3d 852,
868 (Tex. App.--Austin 2001, pet. denied) (citing Tenet Health Ltd. v. Zamora, 13 S.W.3d 464, 468
(Tex. App.--Corpus Christi 2000, pet. dism'd w.o.j.)).


Contribution

 By its first issue, Pacesetter asserts that Pierce Homes was not entitled to contribution. 
Contribution is allowed in Texas only among joint tortfeasors. See Bonniwell v. Beech Aircraft
Corp., 663 S.W.2d 816, 818 (Tex. 1984). Pierce Homes sought recovery under chapter 33 of the
Texas Civil Practices and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-.017
(West 1997 & Supp. 2002). (7) Subject to certain exceptions not relevant here, chapter 33 "applies to
any cause of action based on tort in which a defendant, settling person, or responsible third party is
found responsible for a percentage of the harm for which relief is sought." Id. § 33.002(a). 
Generally, a defendant may be liable to a claimant "only for the percentage of damages found by the
trier of fact equal to the defendant's percentage of responsibility with respect to the . . . harm for
which damages are allowed." Id. § 33.013(a). A defendant who "pays a percentage of the damages
. . . greater than his percentage of responsibility . . . has a right of contribution for the overpayment
against each other liable defendant" to the extent that the other defendant has not paid the amount
equal to his percentage of responsibility. Id. § 33.015(a). Pierce Homes argued that because it paid
all of Allcox's damages, as awarded by the arbitrator and stipulated by the parties to this appeal, and
the jury found that those damages were ninety percent attributable to the negligence of Pacesetter,
Pierce Homes could recover from Pacesetter ninety percent of the damages that it paid Allcox. The
district court agreed and rendered judgment accordingly.

 Pacesetter recognizes that chapter 33 might provide Pierce Homes with a right of
contribution but asserts that Pierce Homes waived any such right. Pacesetter bases its assertion on
the fact that Pierce Homes paid the arbitration award. Pacesetter contends that the arbitration award
is no different from a settlement, as it was paid in full before the district court's confirming the
award or conducting a trial to determine contribution. Pacesetter points out that Pierce Homes did
not seek to vacate the arbitration award, nor did it await trial on the remaining issues in the cause,
including the issue of whether, based on proportionate responsibility, Pierce Homes was jointly and
severally liable for Allcox's entire award. 

 The civil practice and remedies code does not include a definition of either "settled"
or "settlement." Section 33.011(5) defines "settling person" as "a person who at the time of
submission has paid or promised to pay money or anything of monetary value to a claimant at any
time in consideration of potential liability." Id. § 33.011(5). In reviewing the meaning of "settled"
or "settlement," the Texas Supreme Court has held "that 'settlement,' as used in the comparative-responsibility law, means money or anything of value paid or promised to a claimant in consideration
of potential liability." C & H Nationwide, Inc. v. Thompson, 903 S.W.2d 315, 319 (Tex. 1994).

 On Allcox's motion, the district court ordered her claims against Pierce Homes to
arbitration pursuant to a binding arbitration agreement. Arbitration is not settlement. An arbitrator's
award has the same effect as a judgment of a court of last resort. Holk v. Biard, 920 S.W.2d 803,
806 (Tex. App.--Texarkana 1996, orig. proceeding [leave denied]); J.J. Gregory Gourmet Servs.,
Inc. v. Antone's Imp. Co., 927 S.W.2d 31, 33 (Tex. App.--Houston [1st Dist.] 1995, no writ). 
Furthermore, a trial court reviewing an arbitrator's award may not substitute its judgment for the
arbitrator's merely because it would have reached a different decision. Riha v. Smulcer, 843 S.W.2d
289, 292-94 (Tex. App.--Houston [14th Dist.] 1992, writ denied) (citing Bailey & Williams v.
Westfall, 727 S.W.2d 86, 90 (Tex. App.--Dallas 1987, writ ref'd n.r.e.)). The grounds for vacating
an arbitrator's award are limited to those situations where: (1) the award was the product of
corruption, fraud, or undue influence; (2) a party was prejudiced by the evident partiality,
misconduct, or willful behavior of the arbitrator; (3) the arbitrator exceeded his powers; (4) the
arbitrator refused to postpone the hearing, refused to hear evidence material to the controversy, or
otherwise conducted the hearing so as to substantially prejudice the rights of a party; or (5) if there
was no arbitration agreement, the issue was not adversely determined in a proceeding to compel or
stay arbitration, and the complaining party participated over objection. See Act of May 29, 1965,
59th Leg., R.S., ch. 689, § 1, 1965 Tex. Gen. Laws 1593, 1601, repealed and recodified by Act of
May 8, 1997, 75th Leg., R.S., ch. 165, § 5.01, 1997 Tex. Gen. Laws 325, 334 (former Tex. Rev. Civ.
Stat. arts. 224-238-6, current version at Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (West Supp.
2002)); J.J. Gregory Gourmet Servs., 927 S.W.2d at 33. Pacesetter does not assert the existence of
any such ground but, rather, argues that "[b]ecause Pierce Homes voluntarily paid the arbitration
award without seeking to vacate the award . . . [it] must be viewed as a settling defendant." Our
review of the record reveals nothing that would compel the overturning of the award. The law does
not require the performance of useless acts. See Bailey v. Brodhead, 838 S.W.2d 922, 925 (Tex.
App.--Austin 1992, no writ) (finding no justification to construe provision of insurance code to
require performance of a "potentially useless act"); In re Daley, 29 S.W.3d 915, 921 (Tex.
App.--Beaumont 2000, orig. proceeding) (Walker, C.J., dissenting) ("'[L]ex non praecipit inutilia,
quia inutilis labor stultus,' which translates as 'the law commands not useless things, because
useless labor is foolish.'"). We will not equate a party who suffers an adverse arbitrator's award to
a settling person.

 Section 33.016(b) grants a right of contribution only to a "liable defendant." Id.
§ 33.016(b). A liable defendant is "a defendant against whom a judgment can be entered for at least
a portion of the damages awarded to the claimant." Id. § 33.011(3). The interlocutory judgment
against Pierce Homes did not absolve Pacesetter of liability to Allcox. The judgment established the
total amount of damages due Allcox and found that Pierce Homes was liable for such damages
pursuant to its warranty. The interlocutory judgment did not attempt to determine negligence
culpability between Pierce Homes and Pacesetter. Both parties, in their respective motions for
summary judgment against Allcox, invoked the "one-satisfaction rule," asserting that Allcox could
not seek damages beyond those awarded in the interlocutory judgment. See Stewart Title Guar. Co.
v. Sterling, 822 S.W.2d 1, 5 (Tex. 1991) ("[A]n injured party is entitled to but one satisfaction for
the injuries sustained by [her]."). What remained, after the district court granted the motions for
summary judgment, was for the court to apportion Allcox's damages between the two remaining
parties to the extent that each was a tortfeasor as to Allcox. Pierce Homes satisfies the definition of
a liable defendant. The court's ruling did not mean that Pierce Homes was not liable for at least a
portion of Allcox's tort damages; its effect was that Allcox could recover, in toto, no more than the
arbitrator's award.

 Under the facts presented by this case, we hold that, pursuant to chapter 33 of the civil
practice and remedies code, Pierce Homes is not a settling person but is a liable defendant. Thus,
Pierce Homes did not waive its right to seek contribution against Pacesetter. We overrule
Pacesetter's first issue. 


Subrogation and Negligence

 By its second and third issues, Pacesetter posits that Pierce Homes has no subrogation
rights and may not recover under a theory of negligence unless it suffered damage to a property
interest. Because we have held that Pierce Homes was entitled to recovery against Pacesetter for
contribution, we need not consider whether Pierce Homes was also entitled to recovery through
subrogation or negligence. Additionally, in its brief to this Court, Pierce Homes waives any recovery
based on the jury's negligence finding. We thus do not consider Pacesetter's second and third issues. 
See Tex. R. App. P. 47.1 (opinions to be as brief as practicable).


Attorney's Fees

 Pierce Homes appeals the district court's refusal to award the attorney's fees it
incurred in defending the arbitration demanded by Allcox and ordered by the court. The court asked
the jury to determine the reasonable attorney's fees incurred by Pierce Homes "in the arbitration
action brought by [Allcox]." The jury responded, "$81,000.00." However, the district-court
judgment is silent as to attorney's fees.

 The availability of attorney's fees is a question of law. Cf. Holland v. Wal-Mart
Stores, Inc., 1 S.W.3d 91, 94-95 (Tex. 1999) ("The availability of attorney's fees under a particular
statute is a question of law for the court."). We apply a de novo standard of review to questions of
law. Trinity Indus., 53 S.W.3d at 868. (8)

 Generally, attorney's fees may not be recovered "unless provided for by statute or by
contract between the parties." Dallas Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77
(Tex. 1992). There is no contract between Pierce Homes and Pacesetter that would allow the
recovery of attorney's fees, nor does the contribution statute at issue provide for such recovery. See
Tex. Rev. Civ. Stat. Ann. §§ 33.001-.017 (West 1997 & Supp. 2002). Attorney's fees may not be
recovered in tort cases. Knebel v. Capital Nat'l Bank, 518 S.W.2d 795, 803-04 (Tex. 1974). Pierce
Homes, however, relying on Lesikar v. Rappeport, 33 S.W.3d 282 (Tex. App.--Texarkana 2000,
pet. denied) and Baja Energy, Inc. v. Ball, 669 S.W.2d 836 (Tex. App.--Eastland 1984, no writ),
argues that it was entitled to attorney's fees because it was required to defend the arbitration as a
consequence of Pacesetter's wrongful act in negligently constructing Allcox's pool and decking. 
Thus, Pierce Homes reasons, its attorney's fees incurred in the arbitration are recoverable as actual
damages. See Massey v. Columbus State Bank, 35 S.W.3d 697, 701 (Tex. App.--Houston [1st Dist.]
2000, pet. denied) ("[E]quitable principles may allow the recovery of attorney's fees and other
litigation expenses 'where a party was required to prosecute or defend the previous suit as a
consequence of the "wrongful act" of the defendant.'") (quoting Baja Energy, 669 S.W.2d at 838-39); GXG, Inc. v. Texacal Oil & Gas, 977 S.W.2d 403, 424 (Tex. App.--Corpus Christi 1998, pet.
denied) (citing Baja Energy, 669 S.W.2d at 838-39).

 Pacesetter responds that Pierce Homes' theory of recovery is inapplicable because the
equitable recovery of attorney's fees is premised on the prior litigation's arising solely from the
wrongful act of the party against whom the fees are sought. Here, because the jury found that
Allcox's damages were caused by the negligent conduct of both Pierce Homes and Pacesetter,
equitable principles do not allow Pierce Homes to recover its previously incurred attorney's fees as
damages. See Dayton Hudson Corp. v. Eldridge, 742 S.W.2d 482, 488 (Tex. App.--Dallas 1988,
writ denied). The Eldridge court denied recovery because the party seeking to recover was "not an
innocent party forced to incur costs and expenses, including attorney's fees, to be treated as the legal
consequences of some original wrongful act of another and permitted to be recovered as damages." 
Id. Distinguishing Baja Energy, the court of appeals held that to recover attorney's fees against a
third party for defending a claim against another, the claimant must be a "wholly innocent party"
brought into the action solely as a result of the conduct of the third party. Id.

 The case now before us is likewise distinguishable from Baja Energy and the cases
that follow it. Baja Energy, the operator of an oil and gas well, contracted with Ball to plug the well. 
The contract provided that Baja was the owner of the well and would defend title to it. Baja Energy,
669 S.W.2d at 837. However, before the well was plugged, Baja, on behalf of the true owner of the
well, assigned the lease to another, thus rescinding the plugging contract. Id. Baja did not notify
Ball of the assignment, and Ball proceeded to perform the contract, resulting in his being sued by
the new owner for trespass and conversion. Id. at 837-38. The court of appeals held that Baja "acted
wrongfully in unilaterally rescinding the contract without notice to Ball" and that, absent such
wrongful act, Ball would not have been forced to defend the subsequent suit. Id. at 839. Thus, Ball
was allowed to recover his litigation expenses, including attorney's fees, from Baja. Id.

 Lesikar, the other case on which Pierce Homes relies, is of questionable applicability. 
In Lesikar the defendants wrongfully transferred operations of an oil and gas lease, forcing the
plaintiff to contest the transfer before the Texas Railroad Commission. Lesikar, 33 S.W.3d at 306. 
The trial court awarded the plaintiff her attorney's fees incurred in "correcting the wrongful
conduct." Id. The court of appeals observed that the attorney's fee award was challenged "on
several grounds," but only addressed the plaintiff's failure to present expert testimony to the trial
court regarding the reasonableness and necessity of the fees. Id. The court reversed the attorney's
fee award. Id. at 308. With regard to the issue now before this Court, the court did no more than
observe that "attorneys' fees incurred in prior litigation with a third party are recoverable in a
subsequent suit as actual damages." Id. at 306 (citations and footnote omitted).

 Here, Allcox alleged negligence against both Pierce Homes and Pacesetter, and the
jury found that both were in fact negligent to some degree. We hold that the district court, under the
circumstances presented by this case, did not err in refusing to award against Pacesetter the
attorney's fees incurred by Pierce Homes in defending Allcox's arbitration claim. We overrule
Pierce Homes' issue.


CONCLUSION

 We affirm the district-court judgment.



 __________________________________________ Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel 

Affirmed

Filed: October 17, 2002

Publish
1. Texas law uses the terms "arbiter" and "arbitrator" interchangeably. Compare, e.g., J.J.
Gregory Gourmet Servs., Inc. v. Antone's Imp. Co., 927 S.W.2d 31, 33 (Tex. App.--Houston [1st
Dist.] 1995, no writ) (using "arbiter"), with the Uniform Arbitration Act, Tex. Civ. Prac. & Rem.
Code Ann. §§ 171.001-.098 (West Supp. 2002) (using "arbitrator"). We will employ the statutory
term. 
2. The suit was originally filed in the name of "Robert and Julie Stevens." However, during
the pendency of the suit and before arbitration, the Stevenses divorced, and Julie Stevens changed
her name to "Julie Allcox." Robert Stevens quitclaimed his interest in the home to Allcox, and she
was the sole claimant in the arbitration. The district court dismissed Robert Stevens's claims, and
he is not a party to this appeal. For convenience, we will refer solely to Allcox as the plaintiff in the
underlying suit. 
3. Allcox also sued Larry F. Smith, who she alleged "participated in the design of the
foundation and/or the construction of the foundation of the home." The district court rendered
summary judgment for Smith, and he is not a party to this appeal.
4. The arbitrator also ordered that Pierce Homes pay $8441 for American Arbitration
Association administrative fees and expenses, including $980 that had been paid by Allcox, and
arbitrator's fees of $19,832.42, including $5900 that had been paid by Allcox.
5. The interlocutory judgment was signed by Judge Vicki Isaacks.
6. The final judgment was signed by Judge Sam Houston.
7. Pacesetter, in its brief, states that Pierce Homes asserted other theories of contribution in
the district court, but the only theory under which it could recover is that found in chapter 33 of the
Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-.017 (West
1997 & Supp. 2002). Because, in this Court, Pierce Homes briefs and argues a right to contribution
only under chapter 33, we will not discuss other theories of contribution.
8. The parties join issue here over whether the district court erred in granting Pacesetter's
motion for judgment non obstante veredicto with regard to the jury's finding of the amount of
reasonable attorney's fees incurred by Pierce Homes in defending the arbitration. See Tex. R. Civ.
P. 301. Because the availability of attorney's fees is a question of law, "the jury's finding about the
amount of reasonable attorney's fees is immaterial to the ultimate legal issue of whether such fees
are recoverable . . . ." Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999). When the
trial court disregards a jury's finding on an immaterial issue, the resulting judgment is not considered
as one rendered non obstante veredicto. T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corp., 418
S.W.2d 324, 326 (Tex. Civ. App.--Austin 1967, writ ref'd n.r.e.); Kuehnhoefer v. Welch, 893
S.W.2d 689, 692 (Tex. App.--Texarkana 1995, writ denied).