**Opinion filed May 29, 2015**



In The

# Eleventh Court of Appeals

———————

## No. 11-12-00265-CV

———————

### STEPHEN C. COLE AND
### ROBERT STRACK, Appellants

### V.

### MICHAEL MCWILLIE, WANDA JUANITA PHILLIPS,
### AND DELVONNE BURKE, Appellees

**On Appeal from the 238th Judicial District Court**

**Midland County, Texas**

**Trial Court Cause No. CV47686**

## O P I N I O N

This court's former opinion and judgment dated January 15, 2015, are withdrawn. This court's opinion and judgment dated May 29, 2015, are substituted therefor. The motion for rehearing filed by Stephen C. Cole and Robert Strack is

granted, and the motion for rehearing filed by Michael McWillie, Wanda Juanita Phillips, and Delvonne Burke is denied.

The dispositive issue in this case is whether a deed is void or voidable when it is executed by an attorney-in-fact who is acting on behalf of one who was competent at the time of the execution of the power of attorney, but who was incompetent at the time of the execution of the deed. The trial court determined that such a conveyance was void as a matter of law. We reverse and render judgment that Appellees take nothing.

This case concerns the ownership of an undivided 35/640 nonparticipating royalty interest (the NPRI) in a tract of land located in Andrews and Martin Counties. The summary judgment evidence shows that Rosa Van Huss was the owner and common source of title to the NPRI. The NPRI is subject to and covered by an oil and gas lease in which the lessor reserved a one-fifth (1/5) royalty.

Van Huss executed a power of attorney in favor of her daughter, Wanda Juanita Phillips, on April 1, 1980. The parties agree that Van Huss was competent at the time she executed the power of attorney. The power of attorney was not durable as provided for in Section 36A of the Texas Probate Code. Section 36A was in effect at the time of the execution of the power of attorney. Although Van Huss was never adjudicated to be incompetent, the parties do not dispute that she became mentally incompetent in June 1982 and remained so until her death in 1986.

In 1985, Phillips executed a quitclaim deed with respect to the NPRI. She executed the conveyance in her capacity as Van Huss's attorney-in-fact. In that conveyance, Phillips conveyed all of Van Huss's interest in the NPRI to Stephen C. Cole and Robert Strack.

Van Huss died on June 11, 1986, leaving a Last Will and Testament. The will was admitted to probate as a Muniment of Title. In the will, Van Huss provided that her estate was to be distributed one-half to Phillips, one-fourth to Delvonne Burke

2

(Van Huss's granddaughter), and one-fourth to Sherry Jackson a/k/a Schiara Reindollar (Van Huss's granddaughter). Therefore, Phillips, Burke, and Reindollar acquired all of Van Huss's interest in the NPRI upon her death. They subsequently executed a number of assignments of the interest to Phillips's son, Michael McWillie.

Henry Resources, L.L.C. held certain proceeds related to the NPRI. Because it was uncertain as to the ownership of the proceeds, Henry Resources filed an interpleader action in 2010. In an agreed partial order, the trial court ordered that the proceeds held by Henry Resources were to be deposited into the registry of the court. Henry Resources complied with the order, and the trial court dismissed it from the lawsuit.

Phillips, Burke, and McWillie (Appellees) later filed a motion for partial summary judgment in which they sought a declaration from the trial court that the deed executed by Phillips in her capacity as Van Huss's attorney-in-fact was void as a matter of law. Cole and Strack responded that the deed was voidable, not void, and that the statute of limitations had expired on any suit to avoid the deed. After a hearing, the trial court granted the motion for partial summary judgment and concluded that the deed was void; the trial court determined that, because Van Huss was incompetent when Phillips executed the deed, Phillips lacked the authority to transact business on behalf of Van Huss at that time.

At a bench trial, the parties entered into stipulations of fact relating to the chain of title and other matters. After the trial, the trial court entered its final judgment. In that judgment, the trial court incorporated the previous order granting partial summary judgment, rendered judgment that the deed was void and that title was held by Appellees, awarded the proceeds of production to Appellees, denied the requests for attorneys' fees, and denied all relief requested by Cole and Strack. This appeal followed.

3

We review de novo an order granting summary judgment. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001).

The parties agree that the ultimate issue in this case is whether the deed was void as a matter of law, or simply voidable. Because a voidable contract continues in effect until active steps are taken to disaffirm the contract and because a void contract is wholly ineffective from the outset, the distinction is significant. *Mo. Pac. Ry. Co. v. Brazil*, 10 S.W. 403, 406 (Tex. 1888); *Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 74 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.). The right to disaffirm a contract survives the death of the incompetent person and descends to her heirs or her personal representative. *See Bennett v. Ramos*, 252 S.W.2d 442, 448–49 (Tex. 1952); *Fuller v. Middleton*, 453 S.W.2d 372, 375 (Tex. Civ. App.—Fort Worth 1970, writ ref'd n.r.e.). Additionally, the right to disaffirm is subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008); *see also Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007); *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942). In this case, Cole and Strack claim that, if this court holds that the deed was voidable, rather than void, the statute of limitations on Appellees' right to disaffirm the deed has expired.

It is settled law in Texas that a contract executed by a person who lacks mental capacity is voidable, not void. *Williams v. Sapieha*, 61 S.W. 115, 116 (Tex. 1901); *Neill v. Pure Oil Co.*, 101 S.W.2d 402, 404 (Tex. Civ. App.—Dallas 1937, writ ref'd); *see also In re Morgan Stanley & Co.*, 293 S.W.3d 182, 193 (Tex. 2009)

4

(Hecht, J., dissenting) ("The rule in Texas and most other jurisdictions is that the contract [of a party who lacked mental capacity] exists and can be ratified or avoided."). In *Williams*, a landowner executed a power of attorney by which he authorized his attorney-in-fact to sell land and to execute a deed on the landowner's behalf. The landowner lacked the mental capacity to manage his affairs at the time that he executed the power of attorney. *Id.* Thereafter, the attorney-in-fact executed a deed to the property on the incompetent landowner's behalf. The validity of that deed became the subject of a subsequent lawsuit. *Id.* The *Williams* court likened the deed of an insane person to that of an infant. It held that the power of attorney executed by the incompetent landowner, as well as the deed executed by the incompetent landowner's attorney-in-fact pursuant to that power of attorney, was not void but, rather, was voidable. *Id.* The court reasoned, "We can see no difference in principle between the act of making a deed which passes the title and making an instrument which authorizes another person to do the same thing." *Id.*

Cole and Strack, in turn, rely on *Williams* to argue that, when a principal becomes incompetent after having executed a valid power of attorney, any subsequent action of the attorney-in-fact on the principal's behalf is voidable as well. Cole and Strack suggest that the subsequent action amounts to action taken by the incompetent principal. Therefore, they argue that *Williams* is controlling in this case and that the deed executed by Phillips as attorney-in-fact for Van Huss is not void but, instead, is voidable.

Appellees frame their response under principles of agency law. They argue that the actions of a purported agent who lacks authority to bind the principal are void as to the principal. According to Appellees, an agent has no authority to bind his principal upon the principal's incapacity unless he has been authorized to do so

5

pursuant to former Section 36A of the Probate Code or its progeny.[1]  Thus, their argument goes, when a principal becomes incompetent and his power of attorney lacks the specific language from Section 36A that is required to establish a durable power of attorney, any subsequent action by the agent on the principal's behalf is void as a matter of law.

Agency is a consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, subject to the principal's control. *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 210 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Lone Star Partners v. NationsBank Corp.*, 893 S.W.2d 593 (Tex. App.—Texarkana 1994, writ denied); *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720 (Tex. App.—Corpus Christi 1994, writ denied).  For an agency relationship to exist, there must be both a meeting of the minds between the parties and some act constituting the appointment of an agent.  *Lone Star Partners*, 893 S.W.2d at 600.

The appointment of an attorney-in-fact creates an agency relationship. *Dernick Res., Inc. v. Wilstein*, 312 S.W.3d 864, 877 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Smith v. Lanier*, 998 S.W.2d 324, 334 (Tex. App.—Austin 1999, pet. denied).  Under the common law, the agency authority created in a power of attorney existed only when the principal was capable of acting on his or her own behalf and terminated upon the death or incapacity of the principal.  *Comerica Bank-Texas v. Tex. Commerce Bank Nat'l Ass'n*, 2 S.W.3d 723, 725 (Tex. App.—Texarkana 1999, pet. denied) (citing *Harrington v. Bailey*, 351 S.W.2d 946, 948 (Tex. Civ. App.—Waco 1961, no writ)).

---

[1]*See* Act of May 5, 1971, 62nd Leg., R.S., ch. 173, § 3, 1971 Tex. Gen. Laws 967, 971, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 404, § 1, 1989 Tex. Gen. Laws 1550, *repealed by* Act of April 15, 1993, 73rd Leg., R.S., ch. 49, § 2, 1993 Tex. Gen. Laws 102, 112 (current version at TEX. EST. CODE ANN. §§ 751.002, 751.051 (West 2014)).  Although Section 36A has been amended and repealed, it remains in effect for powers of attorney executed prior to its amendment and repeal.

In 1971, the legislature enacted Section 36A of the Probate Code, establishing durable powers of attorney. At the time Van Huss executed the power of attorney, Section 36A provided in relevant part:

> When a principal designates another his attorney in fact or agent by power of attorney in writing and the writing contains the words "this power of attorney shall not terminate on disability of the principal" or similar words showing the intent of the principal that the power shall not terminate on his disability, then the powers of the attorney in fact or agent shall be exercisable by him on behalf of the principal notwithstanding later disability or incompetence of the principal.

This was the first codification of a law that gave a principal the ability to provide specifically that a power of attorney would not terminate upon the disability of the principal. *See Comerica Bank-Texas*, 2 S.W.3d at 726.

However, we disagree with Appellees' assertion that a power of attorney automatically terminates upon the disability of the principal in the absence of a durable power of attorney executed in accordance with Section 36A. To the contrary, we interpret Section 36A to merely provide a method for a principal to enable his attorney-in-fact to continue to act on the principal's behalf subsequent to the incapacity of the principal, regardless of whether that incapacity is temporary or permanent. We do not interpret Section 36A to establish that, in the absence of the durable-power-of-attorney language, any deed executed by an attorney-in-fact subsequent to the principal's incapacitation is rendered void as a matter of law. *See Campbell v. U.S.*, 657 F.2d 1174, 1177–78 (Ct. Cl. 1981) (interpreting former TEX. PROB. CODE § 36A as providing a method for a principal to enable a durable power of attorney rather than providing that, without such language, the power immediately terminates upon the incapacity of the principal).

In the cases relied upon by Appellees, the courts address an agent's authority to act on behalf of an incapacitated principal, but those courts did not address the specific issue in this case and stopped short of holding that a deed executed by an

7

attorney-in-fact on behalf of an incompetent principal is void as a matter of law. *See Comerica Bank-Texas*, 2 S.W.3d at 725–26 (addressing validity of power of attorney that contained Section 36A language); *Jensen v. Kisro*, 547 S.W.2d 65, 66–67 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ) (addressing effect of temporary incapacity on agency relationship); *Harrington v. Bailey*, 351 S.W.2d 946, 948 (Tex. Civ. App.—Waco 1961, no writ) (addressing effect of gift by agent following legal declaration of principal's incapacitation); *Scroggins v. Meredith*, 131 S.W.2d 195, 195 (Tex. Civ. App.—Beaumont 1939, no writ) (deed—executed by attorney-in-fact after power of attorney had been revoked by marriage—considered void); *Wall v. Lubbock*, 118 S.W. 886, 888 (Austin 1908, writ ref'd) (deed—executed by agent after principal's death—considered void).

We believe that *Williams* is controlling in this case. As we stated above, *Williams* provides the settled rule that a deed executed by a person who lacks the capacity to do so is voidable as a matter of law, not void. *See Williams*, 61 S.W. at 116.

An important principle of agency law is that one who authorizes another to act for him acts as if he himself had personally acted. "To this extent, both the principal and the agent are only one person; thus, a [deed] executed by an agent for and with that authority from his principal is as if executed by the principal himself." *Lucas v. Whiteley*, 550 S.W.2d 767, 769 (Tex. Civ. App.—Amarillo 1977, writ ref'd n.r.e.) (citing *Julian Petroleum Corp. v. Egger*, 15 S.W.2d 36, 39 (Tex. Civ. App.—Fort Worth 1928, writ ref'd)). Given this relationship between an agent and principal, we believe that the proper approach in this case is to import the principal's lack of capacity to the agent who acts on the principal's behalf. Thus, an attorney-in-fact who was appointed in a power of attorney that did not contain the language of Section 36A and who executes a deed on behalf of an incompetent principal, even when the principal was competent at the time he appointed the attorney-in-fact to act

8

on his behalf, creates an effective and valid deed that is voidable at the election of the principal or the principal's estate.

Appellees' argument likens a principal's incapacity to a principal's death; the law is clear that an agent's authority to bind his principal terminates upon the principal's death. *See Cleveland v. Williams*, 29 Tex. 204, 213 (1867); *Crawford v. Morris*, 228 S.W.2d 364, 366 (Tex. Civ. App.—Eastland 1950, writ ref'd n.r.e.). But this approach is contrary to the approach in *Williams*, where the Texas Supreme Court analogized the incapacity of a principal to the incapacity of a minor. *See Williams*, 61 S.W. at 116–17. When a contract is executed on behalf of an incapacitated person—whether by infancy or by mental incompetence—the party in danger of unfair disadvantage in the transaction is, in fact, the incapacitated party. The party who transacts with the incapacitated party suffers no potential detriment in the bargaining process. The protections offered by our laws should benefit the incapacitated party by allowing him to disavow the contract upon his return to sufficient capacity. This benefit extends to the heirs of a deceased principal or the guardian of a permanently incapacitated principal. In such a case, the benefited party can secure the advantage of a good bargain by ratifying the contract or he can relieve himself of a bad bargain by electing to disavow the agreement. To hold such an agreement void as a matter of law would deprive the disadvantaged party of the benefit of an advantageous contract.

Furthermore, our conclusion best comports with the need to facilitate the resolution of title disputes in a reasonable amount of time. If deeds executed by attorneys-in-fact on behalf of incompetent principals were considered void as a matter of law, a claimant could seek to invalidate a deed many years after its execution. Such is the case here, where Appellees have sought to invalidate the deed approximately twenty-five years after its execution. To the contrary, a claim against a voidable deed is subject to a statute of limitations. *See* CIV. PRAC. & REM.

9

§ 16.051; *see also Ford*, 235 S.W.3d at 618. Given these considerations, in addition to the precedent set forth in *Williams*, we hold that the deed at issue in this case was voidable at the option of the incompetent principal, rather than void as a matter of law.

Appellees argue that, even if we hold that the deed at issue was voidable, the statute of limitations does not operate to bar the counterclaims made by Appellees. To support this contention, Appellees rely on Section 16.069 of the Texas Civil Practice and Remedies Code. CIV. PRAC. & REM. § 16.069 (West 2008). Cole and Strack respond that Section 16.069 cannot be used to revive Appellees' claim to disaffirm the deed. Cole and Strack also claim that Appellees have waived this argument on appeal because Appellees did not specifically plead Section 16.069 as grounds for avoiding the affirmative defense of statute of limitations; did not assert Section 16.069 or avoidance of the statute of limitations, if the deed was voidable, as an alternative ground in their motion for summary judgment; and did not adduce evidence at trial on these issues.

Section 16.069(a) provides: "If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." In such a case, "[t]he counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required." *Id.* § 16.069(b).

However, a party seeking to avail itself of a rule in avoidance of a statute of limitations must affirmatively plead its theory of avoidance in its original petition or a supplemental petition. TEX. R. CIV. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517–18 (Tex. 1988); *see also Proctor v. White*, 172 S.W.3d 649, 652 (Tex. App.—Eastland 2005, no pet.). Furthermore, a party seeking summary judgment must include in its motion the specific grounds on which relief is

requested. *See* TEX. R. CIV. P. 166a(c). If a party seeks to avoid limitations, as with the discovery rule, but fails to plead it and secure findings on its applicability, that claim is waived. *Woods*, 769 S.W.2d at 518.

After the interpleader was filed in this case, Cole and Strack filed their original cross-claim against Appellees on January 6, 2011. In that cross-claim, they sought a declaration from the trial court regarding title to the NPRI based on the legal determination of the viability of the deed. They also asserted the affirmative defense of the four-year statute of limitations. Appellees timely filed a counterclaim in which they requested that the trial court declare the deed void and confirm their title to the NPRI. We have found no instance in the trial court in which Appellees asserted Section 16.069 or any claim of avoidance of limitations in response to Cole and Strack's affirmative defense of statute of limitations. All of Appellees' claims rested on the trial court's determination that the deed was void. Accordingly, Appellees did not preserve for appeal their argument that Section 16.069 or avoidance of limitations precludes the application of the statute of limitations.

Having determined that the deed was voidable, rather than void, and that the period of limitations to disaffirm the deed has elapsed, we hold that the trial court erred when it entered summary judgment in favor of Appellees and, after trial, adopted that order into the final judgment. Cole and Strack's first issue on appeal is sustained.

In their second issue, Cole and Strack assert that, at trial, they proved as a matter of law that Appellees' claims are barred by limitations and that Appellees should take nothing. We agree. At trial, Cole and Strack adduced evidence of the following: (1) the quitclaim deed was executed on March 21, 1985, and was filed of record on or about March 29, 1985; (2) Appellees did not file a cross-claim until January 31, 2011, which was more than four years after the deed was filed; and (3) Appellees did not plead or adduce evidence to avoid the statute of limitations.

Having established as a matter of law that the deed was voidable, not void, and having established as a matter of law that limitations barred Appellees' claims, Cole and Strack are entitled to judgment in their favor. *See Williams*, 61 S.W. at 116–17 (voidable deed with incapacitated principal); *see also Ford*, 235 S.W.3d at 618 (limitations applies to voidable deed). We sustain Cole and Strack's second issue.

We reverse the judgment of the trial court, and we render judgment that Appellees take nothing.


JIM R. WRIGHT
CHIEF JUSTICE


May 29, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.