## CROFT et ux. v. H. M. COHEN LUMBER & BUILDING CO.

No. 10386.

Court of Civil Appeals of Texas. Galveston.

June 17, 1937.

Rehearing Denied July 8, 1937.

Albert J. DeLange and Arthur J. Mandell, both of Houston, for appellants.

Abe M. Levy and Roy L. Arterbury, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, entered both upon a jury's verdict in response to special issues and upon the court's own findings on the law and the evidence, wherein the appellee Building Company was awarded a joint and several recovery of $2,871.20 against the appellants Croft and the Guardian Trust Company of Houston, Tex., together with a further one of $287.12 in favor of the Building Company, against the Crofts alone as for attorneys' fees provided for in the building contract that formed the subject-matter of the controversy, with an added recitation to the further effect that, if and when the Guardian Trust Company should pay the $2,871.20 to the Building Company, such payment would fully discharge the Trust Company from all liability to the Crofts under or by reason of the contract sued upon.

The record shows that the Trust Company only sustained the relation of a stakeholder to the transaction, and that it deposited and held the money in the amount of $2,871.20 adjudged against it in a Houston bank, pending final outcome of the suit, and it is not a party to this appeal.

The suit was a simple one upon a building contract between the litigating parties in this court, whereby the appellants bound themselves to pay the appellee the sum of $2,885 for the construction of a two-story brick-veneer apartment house, with four apartments, in accordance with the written plans and specifications of that contract, and certain oral agreements for extras.

The controversy was over whether or not the appellee had so performed those obligations upon its part as entitled it to the contract price, which it contended it had; while, on the other hand, the appellants insisted it had not, claiming a great number of particulars in which it had failed, by reason whereof they declared themselves not only to owe the appellee nothing, but further, by way of cross-action, sought some $3,282.40 over against the appellee as damages for alleged failure to fulfill the contract on its part. In response to the issues submitted to it by the learned trial court, the jury found, in material substance:

(1) That the appellee had not fully performed its part of the written contract, plans, and specifications, and the oral agreement for the extras;

(2) That the appellee had substantially performed its part of the written contract, plans, and specifications, and the oral agreement for extras;

(3) That the reasonable cost at that time to remedy the defects or omission, in such way as to make the building conform to the

written contract, plans, and specifications, and the oral agreement for extras, would be $13.80.

Some alternative inquiries, calling for findings only in event different ones had been arrived at on the enumerated issues submitted, went unanswered.

■ A motion of the appellee to dismiss this appeal for the failure of the appellants to file their brief within the time specified by the statutes and the rules, which dereliction appears to have been established, was taken with the consideration of the cause itself, but is overruled upon the consideration that such brief had long since been belatedly filed in this court and had been fully answered by brief and oral arguments presented in behalf of the appellee.

On the appeal, while presenting no contention to the effect that there was any lack of support in the testimony for the findings the jury made on the issues submitted to it, the appellants at great length submit and argue, as entitling them either to a rendition in their favor, or in any event to a remanding, of the judgment entered below, 35 propositions which may be epitomized as follows:

(1) Nos. 1 to 21, inclusive, excepting 2, 3, 7, and 14, complain on various grounds of alleged error in the submission of the issues the court gave;

(2) Nos. 2 and 3 urged error on the court's part in not instructing, upon stated grounds, a verdict in favor of appellants;

(3) Nos. 7 and 14 embody certain specified objections to the charge given by the court to the jury;

(4) Nos. 22 and 23 assert that no judgment at all should have been rendered against the appellants, in the state of the pleadings and proof;

(5) Nos. 24 to 35, inclusive, present alleged prejudicial errors in the admission by the court of much detailed testimony.

■ After careful consideration of this extended record, it is concluded that none of these presentments should be sustained; as indicated supra, the simple gist of the whole cause as presented by the pleadings and testimony for arbitrament by the jury was whether or not the appellee had substantially complied with the obligations imposed upon it by the building contract, inclusive of its plans and specifications, and the appended oral agreement as to extras; issues were joined between the parties in both pleadings and proof upon that controlling question, at great length and with much respective jockeying for place in the procedural reaches of the trial; but the jury, upon evidence that is not challenged as to its sufficiency and which could not well be in view of its probative force, has settled the matter upon the appellee's side; it is thought that determination should stand, even in the absence of this further developed phase of the case appellants at least did not seem to have given such estimate to: The written contract called for the services of an architect to represent the appellants as the owners of the property, not only in making the plans, specifications, and other agreements therein, but also to "supervise the construction of these improvements, with full and final power to judge the fitness of all materials used and labor performed"; not only so, but there was ample evidence to support (hence they will be deemed as found by the trial court direct, if thought necessary in support of the judgment) conclusions to the effect that such architect was on the job as so contracted for, that he approved all the work as it was done throughout the construction of this building, and that on its completion by the appellee he approved and pronounced it in full compliance with the appellee's undertaking, not only structurally, but also as to the fitness of all materials used and labor done; further, that the appellee had thus substantially in all respects completed the building as called for in its contract, save as to the single detail of a bit of defective painting amounting to $13.80, which it had itself found and voluntarily proposed to deduct from the contract price, and had tendered the completed structure to the appellants for their acceptance in October of 1933, but that appellants had then not only refused to sign a written acceptance thereof, but in November following had actually taken possession of the property—in invitum as concerned the appellee—by moving into one of the apartments themselves and placing renters in the other three; that although their sole defense against the appellee's claim had been their contention that appellee had not duly completed the performance of its obligation, they had ever since November of 1933 up to the time of this trial below so remained in such possession and use of the property, the total revenue from which over that period had presumably been greater than the contract price they had so refused to pay the appellee therefor.

In this situation, this court sees no reason why the well-settled rule that a builder, when so contracting therefor, is not bound by the approval of his own architect of the work done in such circumstances for him. 4 Texas Jurisprudence, p. 705, par. 4, and footnote cited authorities. As declaratory of the general rule that a literal performance is not essential, see Tex.Jur. p. 576.

The jury's verdict as rendered does not seem to this court to be susceptible of the construction placed upon it by the appellants, which is thought to be technical rather than real, in that it seems plain they merely meant to find that while, "as written in the bond," the appellee had not fully performed its part of the contract, it had substantially done so, except as to the infinitesimal $13.80 defect as to painting, all as fully testified to by Mr. Cohen for the appellee, as well as by the architect for the appellants themselves.

Without further discussion, the judgment will be affirmed.

Affirmed.