W. A. STEED, INC. d/b/a Eagle Construction Company, et al., Appellants,

v.

TEXAS POWER AND LIGHT COMPANY, Appellee.

No. 4814.

Court of Civil Appeals of Texas, Eastland.

Oct. 3, 1975.

Rehearing Denied Oct. 17, 1975.

Toy Crocker, Crocker & McDonald, Fort Worth, for appellants.

Robert F. Begert, Burford, Ryburn & Ford, Dallas, for appellee.

WALTER, Justice.

Texas Power and Light Company recovered a judgment against W. A. Steed on a written contract and Steed has appealed.

Issue Number 1 and the jury's answer is as follows:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that on or about March 27,

1973 Texas Power and Light Company had substantially complied, as defined herein, with all work requirements contained in the agreement in question (Plaintiff's Exhibit No. 1)?

Answer 'Yes' or 'No'.

ANSWER: __No__

In your consideration of the foregoing issue you are instructed that 'substantial compliance' means the performance of the requirements in an agreement in material and substantial particulars with no willful departure from the terms or requirements of such agreement and no omission of essential points of such agreement."

The jury also found that Steed sustained a financial loss of $4,000 as a result of the Power Company's failure. The Power Company's motion to disregard the finding to special issue number 1 was granted. Judgment was rendered that the Power Company recover $22,176, the amount provided for in the contract, and allowed Steed a $4,000 offset.

Steed contends there was evidence to support the jury's answer to special issue number 1. We agree.

■ The court was authorized to disregard the jury's answer to issue number 1 if it had no support in the evidence. Rule 301, T.R.C.P. We must consider the testimony, ". . . in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194." *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962).

■ The Power Company's Mr. Parsons testified that all of the work covered by the contract had been completed. However, he stated he had received a letter from Mr. Steed in part stating:

". . . the owner informs me that the transformers are not installed."

Parsons admitted transformers to all two hundred and eighty lots provided for in the contract had not been installed. He didn't know how many transformers were installed. We conclude this testimony constitutes some evidence in support of the jury's answer to issue number one.

■ The Power Company has a cross point asserting the negative answer to issue number 1 is contrary to the weight and preponderance of the evidence. We have considered the entire record and find such answer is against the weight and preponderance of the evidence. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

The judgment is reversed and the cause is remanded.

McCLOUD, C. J., not participating.