NUMBER 13-02-243-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



___________________________________________________________________


CAROL SYLVIA SMITH , Appellant,



v.





FARRELL M. SMITH , Appellee.

___________________________________________________________________


On appeal from the 156th District Court

of San Patricio County, Texas.

__________________________________________________________________



O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Amidei (1) 

Opinion by Justice Rodriguez




 This is a trespass to try title and breach of contract case filed by Carol S. Smith, appellant, against her brother, Farrell M.
Smith, appellee. On appeal, appellant generally contends the trial court erred in concluding her breach of contract claim
was defeated by substantial performance and by estoppel. (2) We affirm.

I. Background

 The parties' father, Farrell D. Smith, left a will devising property to his wife, Mavis V. Smith. Appellee contested his
father's will. On April 1, 1996, appellee and his mother entered into a settlement agreement concerning the will contest.
The settlement agreement provided for the division of a 268 acre tract of land along the Nueces River in San Patricio
County, Texas. The agreement provided Mavis would deed a 150 acre tract from this land to appellee if he built a fence on
the common boundary separating the 150 acre tract of land from the remaining acreage. It further obligated appellee to
execute all documents to effectuate a settlement of all remaining legal disputes, and to pay for the survey of the property.
The agreement also provided for a $200.00 per day penalty for its breach.

 Mavis was represented by attorney Charles Cromwell who hired a surveyor, Julius Petrus. Cromwell conferred with
Petrus on several occasions, and, on at least one occasion, met with him on the property for the purpose of establishing the
common boundary. Cromwell also instructed Petrus to relocate the boundary line so city water wells would be excluded
from appellee's tract.

 Once the common boundary was established, appellee completed a fence on that boundary, a fence that exceeded the
specifications contained in the settlement agreement with reference to structural integrity. Cromwell inspected the fence
and requested a gate be removed. Appellee complied with Cromwell's request. On November 4, 1996, appellee and Mavis
confirmed their settlement agreement, the will contest was dismissed, and Mavis executed a deed for the 150 acres to
appellee. Subsequently, Mavis died and appellant received the remainder of the 268 acre tract of land from Mavis's estate.(3)

 Appellant surveyed the land and found the fence was not on the common boundary line. The fence incorporated roughly
13.20 acres of her land into that deeded to appellee. (4) Appellant made a written demand on appellee to vacate the land, and
later sued him to recover the 13.20 acres, attorney's fees, and damages in the amount of $200.00 a day for breach of the
settlement agreement. 

 After a trial to the bench, the trial court entered judgment in favor of appellant, awarding her title to and possession of the
13.20 acres. The court also awarded her $10,000.00 in attorney's fees. The trial court concluded, however, that appellee
had substantially performed his contractual obligations and appellant was estopped from asserting breach of contract
claims. This appeal ensued to recover damages for the alleged breach of contract.

II. Substantial Performance

 By her second issue, appellant contends the trial court erred in ruling that the breach of contract claim was defeated by the
defensive theory of substantial performance.

A. The Law

 Typically, substantial performance allows a party to bring a contract action to recover the full performance price, less the
cost of remedying those defects that can be fixed. (5) See, e.g., Vance v. My Apartment Steak House, Inc., 677 S.W.2d 480,
482-83 (Tex. 1984); Uhlir v. Golden Triangle Dev. Corp., 763 S.W.2d 512, 514 (Tex. App-Fort Worth 1988, writ denied).
However, substantial performance can be used, as in this case, as a defense to a breach of contract claim. See Avnsoe v.
Square 67 Dev. Corp., 521 S.W.2d 874, 874-75 (Tex. App.-Eastland 1975, no pet.) (substantial performance as
defense);Cotherman v. Oriental Oil Co., 272 S.W. 616, 618 (Tex. Civ. App.-Amarillo 1925, no writ) (same); see also
Kuehnhoefer v. Welch, 893 S.W.2d 689, 692 (Tex. App.-Texarkana 1995, writ denied) (if damages requested, fraud is
cause of action; if damages not requested, fraud is affirmative defense);Adams v. Tri-Continental Leasing Corp, 713
S.W.2d 152, 153 (Tex. App.-Dallas 1986, no writ) (same).

 In determining substantial performance, there must be no wilful departure from the terms of the contract and no omission
of essential points of the project. Cotherman, 272 S.W. 619; see Uvalde Rock Asphalt Co. v. Fantham, 210 S.W.2d 646,
650 (Tex. Civ. App.-Galveston 1948, no writ). The party seeking relief under the doctrine bears the burden of proving that
he did substantially perform in accordance with the agreement. See Patel v. Ambassador Drycleaning & Laundry Co., Inc.,
86 S.W.3d 304, 307 (Tex. App.-Eastland 2002, no pet.) (citing Vance, 677 S.W.2d at 483).

B. Substantial Performance, a Finding of Fact

 The trial court set out, as a conclusion of law, that appellant substantially performed his contractual obligations. Regardless
of the label, however, conclusions which are actually findings will be treated as findings. Id. at 308 (citing Ray v. Farmers'
State Bank of Hart, 576 S.W.2d 607, 608 n.1 (Tex. 1979)). Whether a contractor substantially complies with a building
contract is generally a question of fact. See, e.g., Sommers v. Stout, 44 S.W.2d 901, 901 (Tex. Comm'n App. 1932,
holdings approved) (whether contractor erected improvements in substantial compliance with contract is question of
fact);W.A. Steed, Inc. v. Tex. Power & Light Co., 527 S.W.2d 851, passim (Tex. Civ. App.-Eastland 1975, no writ) (jury
finding that party did not substantially comply with contract judged by standard of
contrary-to-weight-and-preponderance-of-evidence); Croft v. H.M. Cohen Lumber & Bldg. Co., 107 S.W.2d 1040, 1041
(Tex. Civ. App.-Galveston 1937, writ dism'd w.o.j.) (question whether party had substantially complied with building
contract presented to jury); Richardson v. Herbert, 135 S.W. 628, 631 (Tex. Civ. App. 1911, writ dism'd) (question of
performance of building contract, involving substantial compliance, is one of fact for jury). We also conclude the trial
court's determination of substantial performance in this case, where it was used as a defense, is a finding of fact and will be
treated as such on appeal. See Patel, 86 S.W.3d at 308.

C. Standard of Review

 While findings of fact have the same force and dignity as a jury's verdict upon jury questions, Catalina v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994); Taiwan Shrimp Farm Vill. Ass'n v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W.2d 61, 70 (Tex.
App.-Corpus Christi 1996, writ denied), they are not conclusive when a complete reporter's record appears in the record, as
in this case. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.-San Antonio 1995, writ denied). When challenged, such
trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence by the same standards applied
when reviewing evidence supporting jury findings. Catalina, 881 S.W.2d at 297; Taiwan Shrimp Farm Vill., 915 S.W.2d at
70.

 In reviewing a no evidence challenge, where the complaining party did not bear the burden of proof at trial, we consider
only the evidence and inferences that tend to support the challenged finding, disregarding all evidence and inferences to the
contrary. Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002); Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex. App.-Corpus
Christi 1990, writ denied). If more than a scintilla of evidence exists to support the finding, the no evidence challenge
fails.Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998).

D. Contentions

1. Waiver



 Appellant argues that appellee waived substantial performance as a counterclaim because appellee failed to plead it or try it
by implied consent. See Tex. R. Civ. P. 67 (issues not raised by pleading but tried by express or implied consent are treated
as if raised in pleadings); Garcia v. Kastner Farms, Inc., 789 S.W.2d 656, 661 (Tex. App.-Corpus Christi 1990, no writ)
(Garcia could not succeed on contract claim because it was based on his allegations of full performance, not substantial
performance). We agree that appellee did not plead substantial performance as a counterclaim. Moreover, he did not
request damages on the basis of substantial performance, thus, he did not try, by implied consent, a counterclaim for
substantial performance. See Kuehnhoefer, 893 S.W.2d at 692 (when defendant alleges fraud and asks for damages, fraud
is a counterclaim).

 However, as set out above, without requesting damages, substantial performance can be raised as an affirmative
defense.See id. Appellant does not raise the argument that appellee failed to plead substantial performance as a defense or
that it was not tried by implied consent as a defense. Moreover, even if we were to conclude this contention has been
raised on appeal, the authority (6) and record cites (7)upon which appellant relies address only appellee's alleged failure to
plead substantial performance as a counterclaim. Thus, in accordance with rule 38.1(h) of the Texas Rules of Appellate
Procedure, this argument has been inadequately briefed. Tex. R. App. P. 38.1(h) (we only consider contentions that are
supported by clear and concise arguments with appropriate citations to authorities and references to the record).

2. Evidence of Substantial Performance

 The record establishes that appellee satisfied certain terms of the settlement agreement by executing all documents to
effectuate a settlement of all legal disputes between his mother and himself, and paying for the cost of the survey and
fifty-six percent of the ad valorem taxes attributable to the 268 acre tract. Nonetheless, appellant contends there is no
evidence to support a finding of substantial performance; that appellee did not substantially perform as a matter of law
because appellee built a portion of the fence along the common boundary line incorrectly, and it would require tearing
down and rebuilding approximately seventy-one percent of the fence to bring it into compliance with the contract.

 The evidence in this case, however, supports the trial court's finding that appellee built a fence that separated the tracts of
land; a fence that exceeded the specifications contained in the agreement. Appellee built the fence on what he believed to
be the common boundary line of his 150 acre tract and his sister's land. Appellee testified he was not the one who contacted
the surveyor who made the survey division. The surveyor was chosen by Cromwell, who acted on behalf of Mavis.
Appellee reiterated that he was only obligated to pay for the survey. Also, appellee testified that Cromwell and the
surveyor changed the boundary line several times in order to exclude city water wells from the 150 acre tract.

 Furthermore, the settlement agreement described the 150 acres as being "generally outlined by the following boundaries
(which boundaries shall be confirmed by the survey of the said 150-acre tract as hereinafter provided)." The agreement
described the specific portion of the common, northern boundary of the 150 acre tract as a point from which a line parallel
to the northerly boundary of the 268 acre tract and running to FM Highway 666 will cut off exactly 150 acres between said
line and the southern boundary (the existing boundary line from FM Highway 666 to the Nueces River), the eastern
boundary (the westerly right-of-way line of FM Highway 666), and the western boundary (the most easterly boundary of the
Nueces River between the northern and southern boundary lines of the 150 acre tract). That portion of the common
boundary line on the northern border of the 150 acre tract was later confirmed by the Petrus survey, and appellee built a
fence along that line.

 Considering only the evidence and inferences that tend to support the trial court's finding that appellee substantially
complied with the settlement agreement and disregarding all evidence and inferences to the contrary, See Lenz, 79 S.W.3d
at 19, we conclude that appellee established there was no wilful and material departure from the terms of the agreement that
would prevent substantial performance. See Cotherman, 272 S.W. at 619; see also Uvalde Rock Asphalt Co., 210 S.W.2d
at 650. Satisfying all other terms of the settlement agreement, appellee also built a fence on a common boundary line
generally described in the settlement agreement and confirmed by a surveyor who was selected and assisted, in part, by
Mavis's attorney. There is more than a scintilla of evidence to support the finding that appellee substantially performed his
contractual obligations. (8) See Lenz, 79 S.W.3d at 19;Formosa Plastics, 960 S.W.2d at 48; Southwest Key, 81 S.W.3d at
274.

 Appellant's second issue is overruled.

III. Remaining Issues

 Because of the disposition of appellant's second issue, we need not address the remaining issues involving estoppel and
other defenses. See Tex. R. App. P. 47.1.

IV. Conclusion

 Accordingly, we affirm the judgment of the trial court. 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 31st day of July, 2003.

 

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant brings two additional issues with sub-issues wherein she contends (1) her breach of contract claim was
supported by the evidence, and (2) there is no evidence to support res judicata, statute of limitations, mutual mistake, and
accord and satisfaction defenses. She also asserts no evidence complaints as to the following findings of fact that support
appellant's estoppel defense: (1) the trial court's finding that Mavis V. Smith's agent knew the correct location of the
boundary line; (2) the trial court's finding that appellee reasonably relied on the affirmative conduct of Mavis; and (3) the
trial court's finding that Mavis accepted the fence in the location where it was built.

3. The undisputed facts set out above are taken from the trial court's findings of fact. Since a reporter's record was filed,
unchallenged findings of fact are binding on the appellate court unless the contrary is established as a matter of law, or if
there is no evidence to support the finding. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Tucker v.
Tucker, 908 S.W.2d 530, 532 (Tex. App.-San Antonio 1995, writ denied). 

4. The trial court found appellee correctly built two portions of the fence, one 774 feet in length, the second 465.69 feet in
length. The court also found appellee incorrectly built the remaining portion of the fence, some 3190.12 feet in length
bearing N 45 degrees 11' 35" E. That portion of the fence should have been built to a length of approximately 3054.56 feet
bearing N 51 degrees 58' 14" E.

5. The elements for a claim of substantial performance of a building contract when a contractor brings suit are proof the
contractor substantially performed, consideration due him under the contract, and the cost of remedying the defects due to
his errors or omissions. SeeVance v. My Apartment Steak House, Inc., 677 S.W.2d 480, 483 (Tex. 1984); Sheldon L.
Pollack Corp. v. Falcon Indus., Inc., 794 S.W.2d 380, 382 (Tex. App.-Corpus Christi 1990, writ denied). The cost of
remedying defects in performance would have been deducted from appellant's recovery of damages if he had filed a claim
for specific performance. Vance, 677 S.W.2d at 482.

6. Appellant cites Garcia v. Kastner Farmes, Inc., 789 S.W.2d 656, 661 (Tex. App.-Corpus Christi 1990, no writ), a
substantial performance cause of action case, as her authority for this contention.

7. Appellant refers us to testimony relevant to the cost of the fence that was built by appellee.

8. Appellant also asserts in her second issue that there was no evidence to support the trial court's implied finding that the
cost of tearing down and rebuilding the fence was zero. However, in accordance with rule 38.1(h) of the Texas Rules of
Appellate Procedure, we will only consider contentions that are supported by clear and concise arguments with appropriate
citations to authorities. Tex. R. App. P. 38.1(h). Because appellant provides no argument with supporting citations to
authorities, these arguments are inadequately briefed, and we will not consider them in this appeal. Id.