NUMBER 13-01-440-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

AUGUSTINA BARRERA, 
ET AL.,                                                                               Appellants,

v.

HONDO CREEK CATTLE CO.,                                                   Appellee.
                                                                                                                                      

On appeal from the 156th District Court of San Patricio County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 
          Appellants, Augustina Barrerra, et al., challenge the trial court’s judgment in their
nuisance suit against appellee, Hondo Creek Cattle Company (HCCC).


 We affirm.
Background
          HCCC operates a feedlot for cattle on over 500 acres of land near Edroy, Texas.


 
On October 22, 1997, approximately sixty plaintiffs who live in and around Edroy filed suit
against HCCC. The plaintiffs alleged the flies, dust, and smell from the feedlot created
nuisance conditions on their property. At trial, a smaller group of plaintiffs proceeded
without a jury as a bellwether group. HCCC asserted that an applicable one-year statute
of repose


 in the agricultural code barred the plaintiffs’ nuisance claim. On May 17, 2001,
the trial court entered a take-nothing judgment against these plaintiffs and severed their
case from the other plaintiffs. In addition, the trial court ruled against HCCC on the issue
of attorney’s fees. On June 29, 2001, the trial court entered findings of fact and
conclusions of law. Thereafter, both appellants and appellee filed notices of appeal,
although appellee raises no cross-points.
Standard of Review
          “While findings of fact have the same force and dignity as a jury’s verdict upon jury
questions, they are not conclusive when a complete reporter’s record appears in the
record, as in this case.” Smith v. Smith, 112 S.W.3d 275, 279-80 (Tex. App.–Corpus
Christi 2003, pet. denied) (citing Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994)). 
“When challenged, such trial court findings of fact are reviewed for legal and factual
sufficiency of the evidence by the same standards applied when reviewing evidence
supporting jury findings.” Id. at 280. The trial court’s conclusions of law are given a de
novo review on appeal, and these legal conclusions “will be upheld . . . unless they are
erroneous as a matter of law.” See Pegasus Energy Group, Inc. v. Cheyenne Pet. Co.,
3 S.W.3d 112, 121 (Tex. App.–Corpus Christi 1999, pet. denied) (citing State v. Heal, 917
S.W.2d 6, 9 (Tex. 1999)).
Applicable Law: Statute of Repose
          The agricultural code states in relevant part:
No nuisance action may be brought against an agricultural operation that has
lawfully been in operation for one year or more prior to the date on which the
action is brought, if the conditions or circumstances complained of as
constituting the basis for the nuisance action have existed substantially
unchanged since the established date of operation.
 
A person who brings a nuisance action for damages or injunctive relief
against an agricultural operation that has existed for one year or more prior
to the date that the action is instituted . . . is liable to the agricultural operator
for all costs and expenses incurred in defense of the action, including but not
limited to attorney’s fees, court costs, travel, and other related incidental
expenses incurred in the defense.

Tex. Agric. Code Ann. § 251.004(a-b) (Vernon 1982).



Findings of Fact and Conclusion of Law
          The trial court found: HCCC’s feedlot operations near Edroy are agricultural
operations; HCCC lawfully operated the feedlot for one year or more prior to the date
appellants’ petition was filed; and the conditions or circumstances complained of as
creating the nuisance, allegedly created by HCCC and its predecessor, have existed
substantially unchanged since the 1960s. The trial court concluded that section 251 of the
Texas Agricultural Code was constitutional and barred appellants’ claims.Analysis
          By their twelfth, thirteenth, and fourteenth points of error, appellants challenge the
legal and factual sufficiency of the trial court’s findings regarding the three elements


 of the
agricultural code’s statute of repose.
          In point twelve, appellants contend the trial court’s finding that HCCC is an
agricultural operation may be legally and factually insufficient. Appellants concede that “if
the trial court is . . . concluding that HCCC raised cattle, that is an acceptable finding.” 
Appellants do not contend that HCCC was not raising cattle. The trial court expressly
found that HCCC’s “feed lot operations . . . are agricultural operations.” One of the
agricultural code’s definitions of “agricultural operation” is “raising or keeping livestock.” 
Tex. Agric. Code Ann. § 251.002(1) (Vernon 1982). We are not persuaded that the trial
court found anything other than that HCCC raised cattle. We conclude appellants have
waived their challenge to the finding that HCCC is an agricultural operation. Appellant’s
twelfth point is overruled. 
          In point thirteen, appellants contend the trial court’s finding that HCCC was lawfully
operating for one year prior to suit is factually and legally insufficient. Appellants admit that
HCCC was operating for at least one year prior to suit, but they argue that HCCC was not
operating lawfully.


 Appellants assert that “HCCC had to address a dust problem with the
TNRCC within one year of the date it started raising cattle. Apparently, such activity keeps
a party from relying on the one-year statute codified in Chapter 251.” However, this
contention is not supported by either “clear and concise argument” or “appropriate citations
to authorities and to the record.” Tex. R. App. P. 38.1(h) (“The brief must contain a clear
and concise argument for the contentions made, with appropriate citations to authorities
and to the record.”). Consequently, the point is deemed waived. See Rosenblatt v. City
of Houston, 31 S.W.3d 399, 407 (Tex. App.–Corpus Christi 2000, pet. denied) (citing
Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1984) (“Points of error must be supported
by argument and authorities, and if not so supported, the points are waived.”)).



          In point fourteen, appellants contend the trial court’s findings that the conditions
complained of existed substantially unchanged is factually and legally insufficient. In other
words, appellants contend the conditions complained of as constituting the nuisance did
substantially change. In support of this contention, appellants argue that “there was not
a continuous ‘agricultural operation.’” Appellants explain that: HCCC’s predecessor closed
down for a number of months before being sold; the Texas Natural Resources
Conservation Commission


 found the feedlot in inactive status; and there were no
confined cattle being raised when HCCC purchased the premises. Appellants conclude,
“Beginning a cattle confinement operation would have been a substantial change.”
          However, appellants have misguidedly focused on what they consider substantial
changes in the operation of the feedlot. The finding challenged by this point focuses on
the conditions complained of as creating the nuisance. Thus, the focus of the argument
supporting this point should be on whether any substantial changes have occurred in the
conditions allegedly creating the nuisance (i.e., the flies, dust, and smell). We realize that
changes in the operation of the feedlot could have an effect on the conditions of the
feedlot, but appellants fail to demonstrate this relationship in their brief. 
          Regarding the substantial-change element, appellants also contend that HCCC
failed in its burden of proving the affirmative defense supplied by the agricultural code’s
statute of repose because it did not address the substantial-change language. We
disagree. Evidence in the record shows that the conditions remained substantially
unchanged during the one-year period before suit was filed. Specifically, there was
approximately the same number of cattle (6,000) during that year. Also, the dust had
caused plaintiffs to complain more than a year before suit was filed. We hold that there
is legally and factually sufficient evidence to support the trial court’s finding that the
conditions existed substantially unchanged. Appellants’ fourteenth point of error is
overruled.
          By their first point of error, appellants contend the trial court erred by wrongly
applying the statute of repose of the agricultural code. We disagree. Most of appellants’
arguments within this point echo the arguments already discussed above. We will not
repeat our analysis of those arguments. Appellants’ sole new contention echoes that of
their second point of error and is discussed below.
          By their second point of error, and partially through their first, appellants contend the
trial court erred in concluding that the agricultural code’s statute of repose is constitutional. 
Appellants argue that the statute’s application to them is unconstitutional because they did
not come to the nuisance; rather, the alleged nuisance allegedly came to them. Along
these lines, appellants also argue that HCCC failed to prove that they came to the
nuisance. Appellants direct this Court to no authority that persuades us to hold that
appellee needed to prove more than the elements of the agricultural code’s statute of
repose to take advantage of its affirmative defense. Appellee provided proof of the
required elements, the trial court found as much, and we have upheld those findings.
          Appellants further argue that the statute is unconstitutional because it takes property
without due compensation.


 A “taking” consists of: “(1) an intentional act of a government
entity; (2) accomplished for a public purpose; (3) that damages or takes property from a
private citizen.” Domel v. City of Georgetown, 6 S.W.3d 349, 357 (Tex. App.–Austin 1999,
pet. denied) (citing Steele v. Houston, 603 S.W.2d 786, 788-92 (Tex. 1980)). Appellants
have not established either of the first two required elements of a taking. Accordingly,
appellant’s first and second points of error are overruled.
          In conclusion, appellants’ first, second, twelfth, thirteenth, and fourteenth points are
all overruled. Thus, having held that appellants’ suit is barred by the statute of repose set
out in section 251.004 of the agricultural code, we conclude that appellants’ additional
points of error are not necessary to the final disposition of this appeal. See Tex. R. App.
P. 47.1. The judgment of the trial court is AFFIRMED.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Opinion delivered and filed this the
4th day of March, 2004.