**Augustina BARRERA,**
**et al., Appellants,**

v.

**HONDO CREEK CATTLE**
**CO., Appellee.**

No. 13–01–440–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 4, 2004.

Rehearing Overruled May 6, 2004.

Peter Steiner, Tony Bonilla, Sr., Bonilla & Chapa, Corpus Christi, for appellants.

Gregory T. Perkes, Perks Law Firm, P.C., Clay E. Coalson, Donnell & Abernethy, Patrick Wolter, Meredith, Donnell & Abernethy, Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

Appellants, Augustina Barrera, et al., challenge the trial court's judgment in their nuisance suit against appellee, Hondo Creek Cattle Company (HCCC).[1] We affirm.

## Background

HCCC operates a feedlot for cattle on over 500 acres of land near Edroy, Texas.[2] On October 22, 1997, approximately sixty plaintiffs who live in and around Edroy filed suit against HCCC. The plaintiffs alleged the flies, dust, and smell from the feedlot created nuisance conditions on their property. At trial, a smaller group of plaintiffs proceeded without a jury as a bellwether group. HCCC asserted that an applicable one-year statute of repose[3] in the agricultural code

---

1. Appellants also sought recovery for "negligence, negligence per se, constitutional violations, trespass, violations of state and federal law and regulations, including the Clean Water and Clean Air Acts, and equitable relief." The trial court made no findings as to these grounds for recovery, and the appellants requested none. Accordingly, we deem these grounds waived. *See Alma Invs. Inc. v. Bahia Mar Co–Owners Ass'n,* 999 S.W.2d 820, 822 (Tex.App.-Corpus Christi 1999, pet. denied); *see also* Tex.R. Civ. P. 299.

2. HCCC bought the feedlot from Lykes Brothers in 1995. Lykes Brothers operated a feedlot on the premises for decades.

3. While both statutes of limitation and statutes of repose "set deadlines for plaintiffs to file claims, the period set under a statute of repose is independent of the claim's accrual or discovery." *Holubec v. Brandenberger,* 111 S.W.3d 32, 37 (Tex.2003). "Thus, statutes of repose not only cut off rights of action within a specified time after they accrue, but also

barred the plaintiffs' nuisance claim. On May 17, 2001, the trial court entered a take-nothing judgment against these plaintiffs and severed their case from the other plaintiffs. In addition, the trial court ruled against HCCC on the issue of attorney's fees. On June 29, 2001, the trial court entered findings of fact and conclusions of law. Thereafter, both appellants and appellee filed notices of appeal, although appellee raises no cross-points.

### Standard of Review

■ "While findings of fact have the same force and dignity as a jury's verdict upon jury questions, they are not conclusive when a complete reporter's record appears in the record, as in this case." *Smith v. Smith*, 112 S.W.3d 275, 279–80 (Tex.App.-Corpus Christi 2003, pet. denied) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994)). "When challenged, such trial court findings of fact are reviewed for legal and factual sufficiency of the evidence by the same standards applied when reviewing evidence supporting jury findings." *Id.* at 280. The trial court's conclusions of law are given a de novo review on appeal, and these legal conclusions "will be upheld ... unless they are erroneous as a matter of law." *See Pegasus Energy Group, Inc. v. Cheyenne Pet. Co.*, 3 S.W.3d 112, 121 (Tex.App.-Corpus Christi 1999, pet. denied) (citing *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996)).

### Applicable Law: Statute of Repose

The agricultural code states in relevant part:

No nuisance action may be brought against an agricultural operation that has lawfully been in operation for one year or more prior to the date on which the action is brought, if the conditions or circumstances complained of as constituting the basis for the nuisance action have existed substantially unchanged since the established date of operation.

A person who brings a nuisance action for damages or injunctive relief against an agricultural operation that has existed for one year or more prior to the date that the action is instituted ... is liable to the agricultural operator for all costs and expenses incurred in defense of the action, including but not limited to attorney's fees, court costs, travel, and other related incidental expenses incurred in the defense.

Tex. Agric. Code Ann. § 251.004(a-b) (Vernon 1982).[4]

### Findings of Fact and Conclusion of Law

The trial court found: HCCC's feedlot operations near Edroy are agricultural operations; HCCC lawfully operated the feedlot for one year or more prior to the date appellants' petition was filed; and the conditions or circumstances complained of as creating the nuisance, allegedly created by HCCC and its predecessor, have existed substantially unchanged since the 1960s. The trial court concluded that section 251 of the Texas Agricultural Code was constitutional and barred appellants' claims.

### Analysis

■ By their twelfth, thirteenth, and fourteenth points of error, appellants challenge the legal and factual sufficiency of the trial court's findings regarding the

---

they may even cut off rights of action before they accrue at all." *Id.*

4. Agricultural operation includes "raising or keeping livestock." Tex. Agric. Code Ann. § 251.002(1) (Vernon 1982).

three elements[5] of the agricultural code's statute of repose.

■ In point twelve, appellants contend the trial court's finding that HCCC is an agricultural operation *may be* legally and factually insufficient. Appellants concede that "if the trial court is ... concluding that HCCC raised cattle, that is an acceptable finding." Appellants do not contend that HCCC was not raising cattle. The trial court expressly found that HCCC's "feed lot operations ... are agricultural operations." One of the agricultural code's definitions of "agricultural operation" is "raising or keeping livestock." TEX. AGRIC. CODE ANN. § 251.002(1) (Vernon 1982). We are not persuaded that the trial court found anything other than that HCCC raised cattle. We conclude appellants have waived their challenge to the finding that HCCC is an agricultural operation. Appellant's twelfth point is overruled.

■ In point thirteen, appellants contend the trial court's finding that HCCC was lawfully operating for one year prior to suit is factually and legally insufficient. Appellants admit that HCCC was operating for at least one year prior to suit, but they argue that HCCC was not operating *lawfully*.[6] Appellants assert that "HCCC had to address a dust problem with the TNRCC within one year of the date it started raising cattle. Apparently, such activity keeps a party from relying on the one-year statute codified in Chapter 251." However, this contention is not supported by either "clear and concise argument" or "appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Consequently, the point is deemed waived. *See Rosenblatt v. City of Houston*, 31 S.W.3d 399, 407 (Tex.App.-Corpus Christi 2000, pet. denied) (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived.")).[7]

■ In point fourteen, appellants contend the trial court's findings that the conditions complained of existed substantially unchanged is factually and legally insufficient. In other words, appellants contend the conditions complained of as constituting the nuisance did substantially change. In support of this contention, appellants argue that "there was not a continuous 'agricultural operation.'" Appellants explain that: HCCC's predecessor closed down for a number of months before being sold; the Texas Natural Resources Conservation Commission[8] found the feedlot in inactive status; and there were no confined cattle being raised when HCCC purchased the premises. Appellants conclude,

---

5. The three elements are: that the alleged nuisance creator is an agricultural operation; that it was lawfully operating for one year prior to suit; and that the conditions complained of existed substantially unchanged since the established date of operation. *See* TEX. AGRIC. CODE ANN. § 251.004(a) (Vernon 1982).

6. The bulk of appellants' arguments on this point concern HCCC's predecessor, Lykes Brothers. Lykes Brothers was not a party to this suit. These arguments have no bearing on our analysis.

7. Furthermore, even if the point were considered, it would be overruled because evidence in the record shows that HCCC had been lawfully in operation for more than one year before appellants filed suit. Thus, if we were to consider this point, we would hold the trial court's finding of fact is supported by legally and factually sufficient evidence.

8. Now known as the Texas Commission on Environmental Quality.

"Beginning a cattle confinement operation would have been a substantial change."

However, appellants have misguidedly focused on what they consider substantial changes in the operation of the feedlot. The finding challenged by this point focuses on the conditions complained of as creating the nuisance. Thus, the focus of the argument supporting this point should be on whether any substantial changes have occurred in the conditions allegedly creating the nuisance (i.e., the flies, dust, and smell). We realize that changes in the operation of the feedlot could have an effect on the conditions of the feedlot, but appellants fail to demonstrate this relationship in their brief.

Regarding the substantial-change element, appellants also contend that HCCC failed in its burden of proving the affirmative defense supplied by the agricultural code's statute of repose because it did not address the substantial-change language. We disagree. Evidence in the record shows that the conditions remained substantially unchanged during the one-year period before suit was filed. Specifically, there was approximately the same number of cattle (6,000) during that year. Also, the dust had caused plaintiffs to complain more than a year before suit was filed. We hold that there is legally and factually sufficient evidence to support the trial court's finding that the conditions existed substantially unchanged. Appellants' fourteenth point of error is overruled.

By their first point of error, appellants contend the trial court erred by wrongly applying the statute of repose of the agricultural code. We disagree. Most of appellants' arguments within this point echo the arguments already discussed above. We will not repeat our analysis of those arguments. Appellants' sole new contention echoes that of their second point of error and is discussed below.

■ By their second point of error, and partially through their first, appellants contend the trial court erred in concluding that the agricultural code's statute of repose is constitutional. Appellants argue that the statute's application to them is unconstitutional because they did not come to the nuisance; rather, the alleged nuisance allegedly came to them. Along these lines, appellants also argue that HCCC failed to prove that they came to the nuisance. Appellants direct this Court to no authority that persuades us to hold that appellee needed to prove more than the elements of the agricultural code's statute of repose to take advantage of its affirmative defense. Appellee provided proof of the required elements, the trial court found as much, and we have upheld those findings.

■ Appellants further argue that the statute is unconstitutional because it takes property without due compensation.[9] A "taking" consists of: "(1) an intentional act of a government entity; (2) accomplished for a public purpose; (3) that damages or takes property from a private citizen." *Domel v. City of Georgetown,* 6 S.W.3d 349, 357 (Tex.App.-Austin 1999, pet. denied) (citing *Steele v. Houston,* 603 S.W.2d 786, 788–92 (Tex.1980)). Appellants have not established either of the first two required elements of a taking. Accordingly, appellant's first and second points of error are overruled.

---

9. The Fifth Amendment provides in pertinent part, "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. Similarly, the Texas Constitution provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, § 17.

In conclusion, appellants' first, second, twelfth, thirteenth, and fourteenth points are all overruled. Thus, having held that appellants' suit is barred by the statute of repose set out in section 251.004 of the agricultural code, we conclude that appellants' additional points of error are not necessary to the final disposition of this appeal. *See* TEX.R.APP. P. 47.1. The judgment of the trial court is AFFIRMED.